FILED
 2005 Apr-26  AM 11:33
U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHEUS PARIES, | ] |
| Plaintiff, | ] |
| v. | ]   CIVIL ACTION NO.: CV-04-HS-0875-S |
| PROVIDENT LIFE AND ACCIDENT COMPANY, et al., | ] |
| Defendant. | ] |

# Memorandum Opinion

This is a civil action, filed originally, on March 23, 2004, in the Circuit Court for Jefferson County, Alabama by the Plaintiff Timotheus Paries, against the Defendants Provident Life and Accident Insurance Company ("Provident"), and several fictitious party Defendants. *Complaint*, at 1. The case was removed to this Court on April 30, 2004. *Notice of Removal*, at 1.

The Plaintiff filed a First Amended Complaint on September 9, 2004. *First Amended Complaint*, at 1. In that Complaint the Plaintiff adds as Defendants Gareth Joyce, and Unclaimed Assets. *Id.* Against Defendants Joyce and Unclaimed Assets, the First Amended Complaint alleges Conversion (Count Two), Fraud (Count Five), and Suppression (Count Six). Presently before the Court is Defendants' Joyce and Unclaimed Assets Motion for Partial Judgment on the Pleadings as to Counts Five and Six. [Doc. 30]. For the reasons stated herein, the motion will be DENIED.

**STANDARD OF REVIEW**

This Court reviews a Motion for Judgment on the Pleadings pursuant to the same standard as a Motion to Dismiss. In reviewing a Motion to Dismiss the Court

> accept[s] the facts of the complaint as true and view[s] them in the light most favorable to the nonmoving party. *Id.* Dismissal pursuant to Rule 12(b)(6) is not

> appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Magluta v. Samples,* 256 F.3d at 1283-84 (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

*Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004).

## ALLEGATIONS OF THE COMPLAINT

Defendant Provident issued two life insurance policies to Willie D. Chapman with effective dates of August 24, 1998. *First Amended Complaint*, at 2. The two policies provided a death benefit of $25,000 each for a total benefit of $50,000. *Id.* In the handwritten application for insurance, the beneficiary is named as "Paries Taries". *Id.* At the time of Ms. Chapman's death, she was married to the Plaintiff, and had six children–none of whom are named Paries Taries. *Id.* at 3.

After Ms. Chapman's death, the Plaintiff presented to Provident a "Proof of Death" claim for benefits payable under the policy. The Plaintiff also presented to provident an "Assignment of Proceeds of Insurance and Power of Attorney" assigning to his wife's funeral home a portion of the policy benefit to pay funeral expenses. *Id.* On March 27, 2003, Provident paid the assigned portion of the proceeds to the funeral home, and paid the remainder over to the Plaintiff. *Id.* That same day, Provident issued a stop payment request on the three checks it used to issue these payments. *Id.* at 4.

On April 3, 2003, Provident retained Joyce and Unclaimed Assets to investigate and/or determine the identity of the correct beneficiary under the policies. *Id.* They determined that the correct beneficiary was "Tavoris Paries"–the Plaintiff's grandson from a previous marriage. *Id.* at 4-5. Plaintiff contends that these Defendants receive their compensation from the intended beneficiary, in the form of proceeds from the policies, when they discover said beneficiary. *Id.* at

4. The Plaintiff also contends that

> Defendant[s] . . . fraudulently and/or negligently determined that Tavoris Paries was [the] intended beneficiary, for the purpose of wrongfully and maliciously exerting control over the death benefits payable under the policies, to receive a fee and percentage of same.

*Id.* at 5.

Thereafter, Provident reissued checks to Joyce and Unclaimed Assets as attorney in fact for Tavoris Paries. *Id.* Joyce and Unclaimed Assets kept a portion of the proceeds from the policies for their fee. *Id.*

In Count Five, the Complaint states "that Defendant Gareth Joyce and/or Defendant Unclaimed Assets [misrepresented the following material facts] to *Defendant Provident* . . ." *Id*. at ¶ 24, 85 [emphasis added]. The Complaint further states that "the above misrepresentations were made to induce *Defendant Provident* to rely upon the same. Defendant Provident did rely upon these misrepresentations . . ." *Id.* at ¶ 87 [emphasis added]. In Count Six, Plaintiff makes a general allegation that "*Defendants* willfully concealed and suppressed the above material and qualifying facts thereby misleading the Plaintiff as to the true status of the policy, and all of the underlying financial transactions regarding same." *Id.* at ¶ 97.

### ANALYSIS

Under Alabama law,

> " 'Regardless of whether the representations were made willfully, recklessly, or mistakenly, it has been held: (1) that there must a false representation; (2) that the false representation must concern a material existing fact; (3) that the plaintiff must rely upon the false representation; and (4) that the plaintiff must be damaged as a proximate result.' " *Griggs v. Finley,* 565 So.2d 154, 160 (Ala.1990), quoting *Hammond v. City of Gadsden,* 493 So.2d 1374 (Ala.1986).

*Thomas v. Halstead*, 605 So.2d 1181, 1183 (Ala. 1992). The Defendants argue that Counts V and

VI should be dismissed because

> Plaintiff does not allege anywhere that he took any action or refrained from any action due to these Defendants' alleged behavior. Rather, in his First Amended Complaint, Plaintiff alleges these Defendants committed fraud in their dealings with Provident.

*Brief in Support of Motion for Judgment on the Pleadings*, at 3.

However, in *Thomas v. Halstead*, 605 So. 2d 1181 (Ala. 1992), the Alabama Supreme Court wrote:

> Thomas also argues that, even if a misrepresentation was not made directly to him, a misrepresentation, made to his insurance carrier, which is legally obligated to pay valid claims submitted to it for dental expenses incurred by him, is sufficient to satisfy the misrepresentation element of a fraud action. We agree.
>
> The general rule is that a deceit must be practiced directly on the person injured, but Thomas argues that this Court has previously expanded a person's standing to sue to include representations that were not made directly to the person who sues. Thomas cites *National States Ins. Co. v. Jones,* 393 So.2d 1361 (Ala.1980), where this Court held that a niece had standing to sue, even though the representation was not made to her, but to her aunt, since deceased. While generally "[a] stranger to a transaction ... has no right of action [for fraud]" there is an exception to this general rule: "If a third person is injured by the deceit, he may recover against the one who made possible the damages to him by practicing the deceit in the first place." 37 C.J.S. *Fraud* § 60, p. 344 (1943), See *Sims v. Tigrett,* 229 Ala. 486, 158 So. 326 (1934).
>
> In Alabama, it is not always necessary to prove that a misrepresentation was made directly to the person who claims to have been injured. In *Sims v. Tigrett,* 229 Ala. 486, 491, 158 So. 326 (1934), this Court stated:
>
>> "But we may observe that if defendant caused the representations to be made, and the public were intended to be thereby induced to act upon them, and plaintiff was within the class of those so contemplated, the action for deceit against defendant may be maintained by plaintiff, though defendant did not sell the bonds to plaintiff, but sold them to another, and he to plaintiff, both in reliance on the truth of the representations. *King v. Livingston Mfg. Co.,* 180 Ala. 118, 126, 60 So. 143; 26 C.J. 1121, §§ 47, 48."

4

Sims, 229 Ala. at 491, 158 So. at 330.

*Thomas,* 605 So.2d at 1184 -1185.

In light of the holding in *Thomas*, as to both Counts Five and Six, the Plaintiff could prove a set of facts entitling him to relief. Accordingly, the Motion for Partial Judgment on the Pleadings is due to be DENIED.

DONE this 26th day of April, 2005.

*[signature]*

**VIRGINIA EMERSON HOPKINS**
United States District Judge